### HUNTINGTON *v.* PALMER.

*Hawes* v. *Oakland* (*supra*, p. 450) reaffirmed.

APPEAL from the Circuit Court of the United States for the District of California.

Huntington filed this bill against Palmer, tax-collector of the County of Alameda, California, and the Central Pacific Railroad Company, alleging that he is a stockholder of the company, and that, on behalf of himself and such other stockholders as will come in and contribute to its prosecution, he

brings the suit to enjoin and restrain the company from wasting and misapplying its funds, as it threatens to do, by paying certain taxes upon its property in that county which, he alleges, were unlawfully and unconstitutionally assessed against it. The other facts are sufficiently stated in the opinion.

The demurrer of Palmer was sustained to the amended bill, and a decree rendered in favor of the defendants. Huntington appealed.

*Mr. Hall McAllister* and *Mr. Harvey S. Brown* for the appellant.

*Mr. Alfred Barstow* for Palmer.

MR. JUSTICE MILLER delivered the opinion of the court.

The bill of complaint sets out that the railroad company is unjustly and illegally taxed in many particulars, the laws under which the taxes are levied being repugnant to the Constitution of the State, and in an amended bill they are asserted to be in conflict with the Constitution of the United States.

It is unnecessary to examine into the sufficiency of the allegations of the bill on these points, because we think it comes clearly within the principles announced in the case of *Hawes* v. *Oakland, supra*, p. 450.

Although the company is the party injured by the taxation complained of, which must be paid out of its treasury, if paid at all, the suit is not brought in its name, but in that of one of its stockholders. Of course, as we have attempted to show in the case just mentioned, this cannot be done without there has been an honest and earnest effort by the complainant to induce the corporation to take the necessary steps to obtain relief.

The complainant alleges that on or about the fifteenth day of December, 1880, he did inform, and cause to be informed, the board of directors of the company of the invalidity of the pretended assessment and the taxes founded thereon, and did then and there request the board to take such action or legal proceedings as might be proper in the premises to test and determine their validity. He also alleges that the board then

.and there absolutely and wilfully refused to do so, and that it will pay these illegal taxes out of the funds of the company, to the detriment of himself and other stockholders.

.There is not, as in *Dodge* v. *Woolsey* (18 How. 331), any averment that these taxes are so burdensome as to be destructive of the corporation itself; nor that there was any fraud on the part of the directors, nor anything to show that their de-:cision not to resist the taxes is unwise, or opposed to the best judgment they could exercise in the matter.

.There is no averment of any effort to invoke the control of the body of the stockholders, or any reason why it was not done. Nor is it made to appear that a single stockholder was consulted by the complainant, or has any wish to contest the payment of these taxes with the State authorities.

· :It is the bald claim of one stockholder, owning $100,000 of the stock out of $10,000,000, or thereabouts, without any serious effort to bring the others to his views, or even the board of directors, to assert a right of action for the whole body in the very common matter of paying more taxes than he thinks to be just.

; There is here no formal written appeal to the board, nor any formal resolution of that body, as in *Dodge* v. *Woolsey*, and there is nothing to repel the reasonable presumption that parties were improperly and collusively made in order to invoke the jurisdiction of the Federal court.

· We are of opinion, therefore, that the demurrer was properly sustained, and the decree dismissing the bill is

                                                    *Affirmed.*