KEMMERER et al. v. HAGGERTY et al.

(Circuit Court, N. D. West Virginia. July 15, 1905.)

FEDERAL COURTS—JURISDICTION—CITIZENSHIP—STOCKHOLDERS' ACTION..

A corporation, being a citizen of the same state as the defendants, and therefore incapable of suing in the federal courts to restrain defendants from inducing its employés to strike, brought a suit for such relief in the state courts, pending which complainants, who were nonresident stockholders, made a demand on the officers of the corporation to bring suit in the federal courts, knowing that the corporation could not do so, and, on the corporation's refusal, themselves filed a bill for such relief in the federal court. Held, that such acts did not constitute a compliance

with equity rule 94, relating to stockholders' bills, and requiring that such suit shall not be collusive to confer federal jurisdiction, and that the court had no jurisdiction.

[Ed. Note.—Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

In Equity.

A. W. Burdett and C. T. Caldwell, for complainants.
Charles B. Johnson and G. M. Hoffheimer, for defendants.

GOFF, Circuit Judge. This case has been submitted on complainants' motion for a permanent injunction, as also on defendants' motion to dissolve the restraining order issued herein by Judge Jackson, and to dismiss the bill. Complainants allege that they are citizens and residents of the state of Pennsylvania, and that the defendants are citizens and residents of the state of West Virginia. The Pennsylvania Consolidated Coal Company, one of the defendants, is a corporation organized under the laws of the state of West Virginia, and is engaged in business in the counties of Taylor and Preston, in that state, where it owns and operates an extensive mining plant. The complainants allege that they are the owners of $16,000 of the capital stock of said company, each of the four complainants owning more than $2,000 in their own right. It is charged in the bill that the defendants Haggerty, Noon, True, and others, their confederates and associates, are members of an organization known as the United Mine Workers of America, which they are said to represent as "organizers"; that said defendants are interfering with the employés and servants of said coal company in the discharge of their respective duties, and that they are endeavoring, by threats, intimidation, and violence, to prevent them from working and from keeping said plant in operation; that, unless said mine is kept going and its miners permitted to work, the property of the company will be destroyed, and that the interests therein of complainants will be rendered valueless; that the defendants mentioned and others are determined in their efforts to compel the miners employed by said coal company to join the organization referred to, using for that purpose force and threats; that their object is to bring about what is known as a "strike," and thereby close the mines of said company; that in such efforts they have been partly successful, and have to a certain degree interfered with the working of the mines, and will, if permitted, close and destroy the same; that said defendants are insolvent, and cannot be made to respond in damages in a court of law for the injury that they have done and are doing to the property of said coal company. The complainants also allege that they duly prepared and caused to be presented to the president and board of directors of said coal company a written statement setting forth in substance the matters hereinbefore mentioned, and requesting said officials or said company to institute such proceedings in the courts as might be necessary and proper to protect the interests of the stockholders and to preserve the property of the company; that such board of directors,

in a regular and legally called meeting, a majority of the board being present, duly considered such request, and declined to take the action so requested, and refused to call a meeting of the stockholders for the purpose of considering the same, the complainants thereby being left to such redress as they might think proper for the purpose of protecting their said interests as stockholders. Complainants therefore claimed that as the corporation, through its directors and its stockholders, had refused to protect its property by suitable legal proceedings, it was incumbent upon them to take such action as was necessary to protect their respective holdings of stock in said company. The prayer of the bill was for an injunction and for general relief. The defendants have answered, replication thereto has been filed, affidavits and exhibits have been read, and the argument of counsel has been heard and considered.

I do not find it necessary to dispose of the contention of defendants as to the insufficiency of the bill, as the conclusion I reach concerning the jurisdiction of the court renders that unnecessary.

The Pennsylvania Consolidated Coal Company, a West Virginia corporation, one of the defendants, could not, under the provisions of existing law, maintain a suit in this court against its codefendants, who are citizens of West Virginia. It is entirely clear that said company, acting by and through some of its officials, in connection with some of its stockholders, endeavored to create a condition of affairs that would justify an application to this court for an injunction, and that would make applicable to this litigation the requirements of the ninety-fourth equity rule, as announced by the Supreme Court of the United States. It appears that said company, in its own name, acting by its directors and other officials, had before the institution of these proceedings filed in the circuit court of Taylor county, W. Va., a suit, the object of which was to obtain from that jurisdiction, in substance, the relief now asked of this court. That suit was a recognition of the limitations placed by law on the jurisdiction of this court, and the fact that it was subsequently abandoned after the complainants in this suit, who were familiar with that litigation, and some of whom actively engaged in its prosecution, supposed that they had qualified themselves for this jurisdiction, emphasizes the effort that has been made in this case to evade the legislation of the Congress, and of the rules applicable thereto, relating to the diverse citizenship of litigants in this court. The complainants, stockholders in the defendant company, did not endeavor to induce the directors of that company to institute a suit in this court, having for its object the protection of the property and assets of the company, for they were well aware that this court would not have had jurisdiction of such litigation, for the reason that the parties complained of were citizens of the state of West Virginia. It was not necessary for the complaining stockholders to ask the directors to sue in the courts of the state of West Virginia, where the jurisdiction was unquestioned, for such a suit for the purpose mentioned was then pending. What the complainants intended to do, and what they in fact did, was to have the management of the coal company declare that nei-

ther they, as officials thereof, nor the company, as a corporation, would institute and prosecute the suit referred to; thereby providing, as they supposed, a method by which the complainants, who were stockholders and citizens of the state of Pennsylvania, would be able to sue in this court for the purpose mentioned. Such likely would have been the result, had the effort been an honest endeavor to further a sincere intention, and not the simulated action of designing men, who collusively formulated the scheme, and prepared the answer to the request that suit be brought before the petition containing it had been submitted for the consideration of those whose action it requested. It is quite evident that it was the plan of the complainants and of some of the directors of the coal company, collusively acting together for that purpose, to make the situation fit the conditions indicated by the terms of equity rule 94; and, when this conclusion has been reached, it follows that any pretense of jurisdiction by this court over this controversy has disappeared. The refusal of their request was the one thing they wished. The granting of it would have been the one thing that would have circumvented their plans. Their conduct was insincere, their effort was pretended, and the action they desired was not indicated by the request they submitted.

The question here involved is of great importance, including, as it does, the principles upon which in many instances the federal jurisprudence is based. Where the right to sustain a suit in this court depends upon the citizenship of the parties, the positive requirement of the law is that the litigants shall be citizens of different states. The case made by the bill is in fact a controversy between the Pennsylvania Consolidated Coal Company, a corporation and citizen of the state of West Virginia, and the defendants Haggerty, Noon, True, and others, all likewise citizens of that state. The efforts of complainants, citizens of the state of Pennsylvania, to produce the diversity of citizenship necessary to sustain the controversy in their names, utterly fails to meet the requirements indicated by the decisions of the courts relating to equity rule 94, which was adopted for the purpose of giving effect to the principles enunciated by the Supreme Court of the United States in Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827. In this connection, see Huntington v. Palmer, 104 U. S. 482, 26 L. Ed. 833; Detroit v. Dean, 106 U. S. 537, 1 Sup. Ct. 560, 27 L. Ed. 300; City of Quincy v. Steel, 120 U. S. 241, 7 Sup. Ct. 520, 30 L. Ed. 624.

By virtue of the fifth section of the act of Congress of March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 508], relating to efforts to impose upon the courts of the United States the cognizance of cases not fairly belonging to them—finding, as I do, that this suit does not involve a dispute properly within the jurisdiction of this court, and that some of the parties to it have been collusively joined for the purpose of creating a case cognizable under said act—it is my duty to proceed no further with this case.

An order will be entered dissolving the restraining order and dismissing the bill.