## VENNER v. GREAT NORTHERN RAILWAY COMPANY.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 485. Submitted January 20, 1908.—Decided February 24, 1908.

Where the question of jurisdiction is certified to this court under § 5 of the judiciary act of 1891, nothing but that question can be considered here. In this case the question is considered both as to parties and subject-matter.

A cause is removable to the Circuit Court if it is one of which the court is given jurisdiction.

While the court, in determining whether diverse citizenship exists, may disregard the pleader's arrangement of parties and align them according to actual interest, if the plaintiff's controversy is actually with all the parties named as defendants, all of whom are necessary parties, none of them can for jurisdictional purposes be regarded otherwise than as defendants; and so *held,* in an action against a corporation and others by one of the stockholders, that where the complaint alleges joint fraudulent conduct on the part of the corporation and the other defendants with whom it jointly resists that charge, the corporation cannot be realigned as a party plaintiff even if it might be to its financial interest to have the plaintiff prevail. *Doctor* v. *Harrington,* 196 U. S. 579.

The right to bring a suit is distinguishable from the right to prosecute the particular bill; and, where the other jurisdictional essentials exist, the Circuit Court has jurisdiction of an action against a corporation by one of its stockholders although the bill does not comply with Equity Rule 94 and for that reason must be dismissed.

The jurisdiction of the Circuit Court is prescribed by laws enacted by Congress in pursuance of the Constitution and while this court may, by rules not inconsistent with law, regulate the manner in which that jurisdiction shall be exercised, that jurisdiction cannot by such rules be enlarged or diminished.

THE facts are stated in the opinion.

*Mr. Abram J. Rose, Mr. George H. Yeaman, Mr. Alfred C. Petlé* and *Mr. Stephen M. Yeaman* for appellant:

The Circuit Court should have aligned the Great Northern Railway with the plaintiff which would defeat jurisdiction.

The question of jurisdiction is directly raised in and appears by the record.

The action is the common one in equity by a stockholder of a corporation suing on behalf of himself and of other stockholders to recover for a wrong alleged to have been done to the corporation by its officers dealing on its behalf to their own personal profit and advantage and to the waste and injury of the corporation, its funds and estate.

The original complaint in the state court stated a good cause of action as was conceded by the circuit judge in the opinion sustaining the demurrers which cited *Young* v. *Drake*, 8 Hun, 61, 64; *Frothingham* v. *Broadway &c. Ry. Co.*, 9 Civ. Pro. 304, 314; *O'Connor* v. *Va. P. P. Co.*, 46 Misc. 530, 535; *Frickett* v. *Murphy*, 46 App. Div. 180, 186; *Sayles* v. *Central Bank of Rome*, 18 Misc. 155, 158; *Hanna* v. *Lyon*, 179 N. Y. 107. See also *Stewart* v. *Erie &c.*, 17 Minnesota, 372, 400, 401; Cook on Corporations (5th ed.) 1882; *Elkins* v. *Camden & At. R. R. Co.*, 36 N. J. Eq. 514; *Parsons* v. *Joseph*, 92 Alabama, 403, 405; *Montgomery Light Co.* v. *Lahey*, 121 Alabama, 131, 136.

Such being the nature of the action, the only possible ground of Federal jurisdiction would be the diverse citizenship of the parties, and unless the required diversity of citizenship is

shown to exist, the Circuit Court was wholly without juris-
diction.

The facts necessary to confer jurisdiction on a United States
court to entertain an action of the nature of the one at bar
when the diverse citizenship of the parties is the sole ground
of jurisdiction have been expressly laid down and defined in
Equity Rule 94.

The reasons which gave rise to the promulgation of this rule
and the abuses which it was intended to prevent are well
known.

The direct object and purpose of that rule was to pre-
vent the courts of the United States from being overburdened
with actions brought by stockholders of corporations, which,
except for the diverse citizenship of the stockholder appear-
ing as complainant, would have to be brought in a state court,
of competent jurisdiction. *Hawes* v. *Oakland*, 104 U. S. 450;
*Detroit* v. *Dean*, 106 U. S. 537; *City of Quincy* v. *Steele*, 120
U. S. 241.

If the necessary jurisdictional facts required by Rule 94 do
not appear, the corporation will be aligned as the party plain-
tiff, and the question of jurisdiction determined as if the suit
had been originally brought by it and not by a stockholder in
its behalf. *Elkins* v. *City of Chicago*, 119 Fed. Rep. 957;
*Kemmerer* v. *Haggerty*, 139 Fed. Rep. 693; *Dickinson* v. *Con-
solidated Traction Co.*, 114 Fed. Rep. 232; *Waller* v. *Coler*, 125
Fed. Rep. 821; *Groel* v. *United Electric Co.*, 132 Fed. Rep. 252.

The allegations of the bill clearly do not meet the require-
ments of Rule 94; either as to the plaintiff being a stockholder
at the time the cause of action arose, that he thereafter be-
came a stockholder by devolution of law, or as to the suit not
being a collusive one to confer on a court of the United States
jurisdiction of a cause of which it would not otherwise have cog-
nizance. In these respects, therefore, there is no compliance
with the rule and the case cannot be taken out of the applica-
tion of the wholesome rule that for the purpose of determin-
ing jurisdiction on the ground of diverse citizenship, the real

party in interest will be aligned on the part of the complainant. *Brown* v. *Strode*, 15 Cranch, 303; *McNutt* v. *Bland*, 2 How. 9; *Maryland, use of Markley* v. *Baldwin*, 112 U. S. 490; *Stewart* v. *Baltimore & Ohio R. R. Co.*, 168 U. S. 445.

Rule 94 does not apply to actions removed from a state court to a Federal court. *Earle* v. *Seattle &c. R. R. Co.*, 56 Fed. Rep. 909; *Evans* v. *Un. Pac. Ry. Co.*, 58 Fed. Rep. 497. See also *City of Chicago* v. *Camerson*, 22 Ill. App. 91, 102.

The Circuit Court had no original jurisdiction of the case and could not acquire jurisdiction by removal.

Since the acts of 1887 and 1888, it is very clear that the intent is to confine the right of removal to cases originally cognizable in the Circuit Courts of the United States. See *Mexican National Ry. Co.* v. *Davidson*, 157 U. S. 201, and this differentiates this case from those cited in the opinion below, in which were involved §§ 11 and 12 of the act of 1789.

The Circuit Court being wholly without jurisdiction should have remanded the case to the state court. *Detroit* v. *Dean*, 106 U. S. 537.

*Mr. Julius F. Workum* for appellees:

Inasmuch as this appeal is taken direct from the Circuit Court to this court, and the question of the former court's jurisdiction is certified up, this court can consider only whether the Circuit Court as a Federal court had jurisdiction, and not whether as a court of equity it should have sustained or overruled the demurrers. *Chicago* v. *Mills*, 204 U. S. 321, 326; *Louisville Trust Co.* v. *Knott*, 191 U. S. 225, 233, 234; *Hennessy* v. *Richardson Drug Co.*, 189 U. S. 25, 33; *Mexican Central R. R. Co.* v. *Eckman*, 187 U. S. 429, 432; *Blythe* v. *Hinckley*, 173 U. S. 501; *United States* v. *Rider*, 163 U. S. 132, 139; *Smith* v. *McKay*, 161 U. S. 355; *United States* v. *Jahn*, 155 U. S. 109, 113; *Schunk* v. *Moline*, 147 U. S. 500, 507; *McLish* v. *Roff*, 141 U. S. 661; *Rosenbaum* v. *Bauer*, 120 U. S. 459.

The only question that is open for discussion, therefore, is whether the case involves a controversy between citizens of

different States. As the parties are arranged the citizenship of plaintiff is different from that of the defendants. The mere fact that the defendant corporation might be benefited by such a suit does not force its alignment with complainant, unless there is really no controversy between the complainant and the railroad company. See *Detroit* v. *Dean,* 106 U. S. 537, and cases cited; and *Dodge* v. *Woolsey,* 18 How. 331; *Davenport* v. *Dows,* 18 Wall. 626; *Memphis* v. *Dean,* 8 Wall. 64; *Greenwood* v. *Freight Company,* 105 U. S. 13; *Quincy* v. *Steel,* 120 U. S. 241.

*Doctor* v. *Harrington,* 196 U. S. 579, is conclusive of the case at bar, for in that case, as in this, the complainant based his right to maintain the action on the ground that the defendant corporation is controlled by its co-defendant, who, it is alleged, used the corporation for his own advantage. *New Jersey Central R. R. Co.* v. *Mills,* 113 U. S. 249. See also *East Tenn. &c. R. R. Co.* v. *Grayson,* 119 U. S. 240; *Chicago* v. *Mills,* 204 U. S. 321; *Hawes* v. *Oakland,* 104 U. S. 450, 452.

Complainant cannot, under Equity Rule 94, maintain the action; as a matter of fact he purchased his stock just before bringing suit, long after the alleged acts of which he complained, and he could not, and did not, allege that he was a stockholder at the time of their occurrence. This defect of title did not, as appellant argues, create any Federal jurisdictional question. *Corbus* v. *Gold Mining Co.,* 187 U. S. 455; *Illinois Central R. R. Co.* v. *Adams,* 180 U. S. 28, 34, 35.

MR. JUSTICE MOODY delivered the opinion of the court.

The plaintiff in error, a citizen of New York, brought this suit in equity in the Supreme Court of New York against the defendant railroad, a citizen of Minnesota, and the other defendant, its president, also a citizen of Minnesota. The complaint set forth in substance the following facts upon which the right to relief was claimed: The plaintiff was a stockholder in the defendant railroad at the time of the beginning of the

suit in 1906. Whether or not he was a stockholder at the time when the alleged wrongful acts were committed by the defendants does not appear by any allegation in the complaint. The defendant James J. Hill was a director and the president of the other defendant, the Great Northern Railway Company, and that railroad and its board of directors were under his absolute control. While holding these offices and exercising this control, in 1900 and 1901, Hill purchased, or caused to be purchased for his use, stock of the Chicago, Burlington and Quincy Railroad Company of the par value of $25,000,000, at an average price of one hundred and fifty dollars a share. This purchase was made with the design of selling the stock at a higher price to the company of which he was a director and president. Subsequently, in 1901, while still holding his offices in the Great Northern Railway and exercising the same control over that corporation, he sold to it a large amount of the stock of the Chicago, Burlington and Quincy Railroad Company owned by him, and made an unlawful profit of $10,000,000 on the transaction. Before bringing this suit the plaintiff demanded of the Great Northern Railway Company that it bring suit against Hill to compel him to account for and pay over to it the wrongful profit which he had obtained. The railroad refused to comply with this demand, and thereupon the plaintiff brought this suit as a stockholder in his own behalf, and in the behalf and for the benefit of other stockholders similarly situated. The prayer was that Hill should account for his profit and pay it to the Great Northern Railway Company with interest, and for general relief. On the defendants' petition the case was removed to the United States Circuit Court for the Southern District of New York, on the ground of diversity of citizenship of the plaintiff and the defendants. In that court the plaintiff was ordered to "replead the complaint herein according to the forms and practice prevailing in equity." This was done on November 9, 1906. The new complaint set forth the facts in greater detail and with some variations, but its substance and effect was

similar to that of the first complaint. The complaint did not conform to the requirements of Equity Rule 94, relating to suits of this nature, in that it failed to allege that the plaintiff was a shareholder at the time of the transactions of which he complains, or that his shares had devolved on him since by operation of law, or that the suit was not collusive, or the particulars of his efforts to procure action by the corporation defendant. The defendants then demurred separately to the bill and the defendant Hill subjoined to his demurrer an affidavit denying every allegation in it tending to show wrongful conduct on his part. Thereafter the plaintiff moved to remand the cause to the state court on the ground that the Circuit Court was without jurisdiction over it. This motion was denied. The demurrer was sustained and the bill dismissed. The correctness of the ruling on the demurrer and the dismissal is not before us. The case comes here on direct appeal from the Circuit Court on the question of jurisdiction alone, certified in the following terms: "Now, therefore, the court hereby certifies to the Supreme Court of the United States the question of jurisdiction which has arisen upon the aforesaid motion to remand and the demurrers to the complaint, to wit: Whether or not the complainant's amended bill of complaint showed that there was such diversity of citizenship between the party complainant and the parties defendant in this cause as would be sufficient, under the provisions of the United States Revised Statutes to confer jurisdiction upon the United States Circuit Court for the Southern District of New York of this cause, and whether this cause, as brought in the Supreme Court of the State of New York, was one over which this court would have had original jurisdiction, and was therefore removable into this court."

We consider nothing but the question of jurisdiction, and express no opinion upon the decision upon the demurrer which is not properly here. *Schunk* v. *Moline, Milburn & Stoddart Co.,* 147 U. S. 500; *Smith* v. *McKay,* 161 U. S. 355; *Mexican Central Railway Co.* v. *Eckman,* 187 U. S. 429; *Hennessy* v.

*Richardson Drug Co.,* 189 U. S. 25; *Chicago* v. *Mills,* 204 U. S. 321.

The cause was removable to the Circuit Court by the defendants if it was one of which that court was given jurisdiction. 25 Stat. 434; *Mexican National Railroad Company* v. *Davidson,* 157 U. S. 201; *Traction Company* v. *Mining Company,* 196 U. S. 239. The only ground of original jurisdiction or of removal was that the suit was a controversy between citizens of different States. In that case Congress has given the Circuit Court jurisdiction over it, with certain limitations not material here. 25 Stat. 434. The plaintiff contends that the Circuit Court was without jurisdiction of the cause, and should therefore have remanded it to the state court, for two reasons. First, because upon a proper alignment of the parties there was not a controversy between citizens of different States. Second, because the cause of action as disclosed by the pleadings showed that the Circuit Court had no jurisdiction over the subject matter. These reasons are entirely independent of each other and require separate consideration. First, was there a controversy between citizens of different States? As the parties were arranged by the plaintiff himself on the face of the record, there was a diversity of citizenship. The plaintiff was a citizen of New York and the two defendants were citizens of Minnesota. But the plaintiff insists that by looking through the superficial aspects of the controversy to its real substance it is seen that the railway company's interest is adverse to that of the other defendant, and the same as that of the plaintiff, and that therefore, for the purpose of determining the jurisdiction, the defendant railroad should be regarded as a plaintiff. If this should be done there would be a citizen of Minnesota a plaintiff and another citizen of Minnesota a defendant, and the diversity of citizenship which is indispensable to the jurisdiction of the Circuit Court would no longer exist. Let it be assumed for the purposes of this decision that the court may disregard the arrangement of parties made by the pleader, and align them upon the side where their interest in and attitude to the controversy

really places them, and then may determine the jurisdictional
question in view of this alignment. *Removal Cases,* 100 U. S.
457; *Pacific Railroad* v. *Ketchum,* 101 U. S. 289; *Harter* v. *Ker-
nochan,* 103 U. S. 562, 566; *Wilson* v. *Oswego Township,* 151
U. S. 56, 63; *Merchants' Cotton Press Co.* v. *Insurance Company
of North America,* 151 U. S. 368, 385; *Evers* v. *Watson,* 156
U. S. 527, 532. If this rule should be applied it would leave
the parties here where the pleader has arranged them. It
would doubtless be for the financial interests of the defendant
railroad that the plaintiff should prevail. But that is not
enough. Both defendants unite, as sufficiently appears by
the petition and other proceedings, in resisting the plaintiff's
claim of illegality and fraud. They are alleged to have engaged
in the same illegal and fraudulent conduct, and the injury is
alleged to have been accomplished by their joint action. The
plaintiff's controversy is with both, and both are rightfully
and necessarily made defendants, and neither can, for juris-
dictional purposes, be regarded otherwise than as a defendant.
*Davenport* v. *Dows,* 18 Wall. 626; *The Central Railroad Com-
pany* v. *Mills,* 113 U. S. 249; *Railroad* v. *Grayson,* 119 U. S.
240; *Doctor* v. *Harrington,* 196 U. S. 579; *Groel* v. *United Elec-
tric Co.,* 132 Fed. Rep. 252, and see *Chicago* v. *Mills,* 204 U. S.
321. The case of *Doctor* v. *Harrington* is precisely in point on
this branch of the case, and is conclusive. In that case the
plaintiffs, stockholders in a corporation, brought an action in
the Circuit Court against the corporation and Harrington,
another stockholder, "who directed the management of the
affairs of the corporation, dictated its policy, and selected its
directors." It was alleged that Harrington fraudulently caused
the corporation to make its promissory note without considera-
tion, obtained a judgment on the note, and sold, on execution,
for much less than their real value, the assets of the corpora-
tion to persons acting for his benefit. On the face of the plead-
ings there was the necessary diversity of citizenship, but it
was insisted that the corporation, because its interest was the
same as that of the plaintiff, should be regarded as a plaintiff.

The court below so aligned the corporation defendant, and, as that destroyed the diversity of citizenship, dismissed the suit for want of jurisdiction. This court reversed the decree, saying, p. 587: "The ultimate interest of the corporation made defendant may be the same as that of the stockholder made plaintiff, but the corporation may be under a control antagonistic, and made to act in a way detrimental to his rights. In other words, his interests, and the interests of the corporation, may be made subservient to some illegal purpose. If a controversy hence arise, and the other conditions of jurisdiction exist, it can be litigated in a Federal court." There was therefore in the case at bar the diversity of citizenship which confers jurisdiction.

Second. Did the Circuit Court have jurisdiction of the subject matter of the litigation? It has already been shown that the plaintiff in his petition did not bring this case within the terms of Equity Rule 94, which is printed in the margin.[1] It may be noted that the plaintiff in *Doctor* v. *Harrington, supra* complied with the requirements of the rule. It is argued that a compliance with that rule is essential to the jurisdiction, and that a controversy of the general nature contemplated by the rule is beyond the jurisdiction of the Circuit Court, unless the plaintiff shows the existence of all the facts which the rule makes indispensable to his success in the suit. But this argument overlooks the purpose and nature of the rule. The rule simply expresses the principles which this court, after a review of the authorities, had declared in *Hawes* v. *Oakland*, 104 U. S.

---

[1] Every bill brought by one or more stockholders in a corporation, against the corporation and other parties, founded on rights which may be properly asserted by the corporation, must be verified by oath, and must contain an allegation that the plaintiff was a shareholder at the time of the transaction of which he complains, or that his share had devolved on him since by operation of law; and that the suit is not a collusive one to confer on a court of the United States jurisdiction of a case of which it would not otherwise have cognizance. It must also set forth with particularity the efforts of the plaintiff to secure such action as he desires on the part of the managing directors or trustees, and, if necessary, of the shareholders, and the causes of his failure to obtain such action.

450, to be applicable in the decision of a stockholder's suit of the kind now under consideration. Neither the rule nor the decision from which it was derived deals with the question of the jurisdiction of the courts, but only prescribes the manner in which the jurisdiction shall be exercised. If a controversy of this general nature is brought in the Circuit Court and the necessary diversity of citizenship exists, but upon the pleadings or the proof it appears that the plaintiff has not shown a case within the decision in *Hawes* v. *Oakland*, or the rule of court declaratory of that decision, the bill should be dismissed for want of equity and not for want of jurisdiction. The dismissal of the bill would not be the denial but the assertion and exercise of jurisdiction. So it was that in *Hawes* v. *Oakland* the demurrer was sustained and the bill dismissed, not for want of jurisdiction, but, in the words of the court (p. 462), "because the appellant shows no standing in a court of equity—no right in himself to prosecute this suit." The same order was made in *Huntington* v. *Palmer*, 104 U. S. 482, and *Quincy* v. *Steel*, 120 U. S. 241. This very question was considered by the court in *Illinois Central Railroad Company* v. *Adams*, 180 U. S. 28, where it said, p. 34: "Jurisdiction is the right to put the wheels of justice in motion and to proceed to the final determination of a cause upon the pleadings and evidence. It exists in the Circuit Courts of the United States under the express terms of the act of August 13, 1888, if the plaintiff be a citizen of one State, the defendant a citizen of another, if the amount in controversy exceed $2,000, and the defendant be properly served with process within the district. Excepting certain *quasi*-jurisdictional facts, necessary to be averred in particular cases and immaterial here, these are the only facts required to vest jurisdiction of the controversy in the Circuit Courts. It may undoubtedly be shown in defense that plaintiff has no right under the allegations of this bill or the facts of the case to bring suit, but that is no defect of jurisdiction, but of title. It is as much so as if it were sought to dismiss an action of ejectment for want of jurisdiction, by showing that the plaintiff

had no title to the land in controversy. At common law neither an infant, an insane person, married woman, alien enemy, nor person having no interest in the cause of action, can maintain a suit in his or her own name; but it never would be contended that the court would not have jurisdiction to inquire whether such disability in fact existed, nor that the case could be dismissed on motion for want of jurisdiction. The right to bring a suit is entirely distinguishable from the right to prosecute the particular bill. One goes to the maintenance of any action; the other to the maintenance of the particular action. Thus it was held in the case of *Smith* v. *McKay*, 161 U. S. 355, and *Blythe* v. *Hinckley*, 173 U. S. 501, that it was not a question of the jurisdiction of the Circuit Court that the action should have been brought at law instead of in equity. The question in each case is whether the plaintiff has brought himself within the language of the jurisdictional act, whatever be the form of his action or whether it be in law or in equity. The objection that plaintiff has failed to comply with Equity Rule 94 may be raised by demurrer, but the admitted power to decide this question is also an admission that the court has jurisdiction of the case." These observations may not have been strictly necessary to the disposition of the case, but they declare the true purpose and effect of the rule. The jurisdiction of the Circuit Court is prescribed by laws enacted by Congress in pursuance of the Constitution and this court by its rules has no power to increase or diminish the jurisdiction thus created, though it may regulate its exercise in any manner not inconsistent with the laws of the United States. Congress has given to the Circuit Courts jurisdiction of all suits of a civil nature (in which the matter in dispute is of a certain value) where "there shall be a controversy between citizens of different States," language taken from that part of the Constitution which defines the judicial power. There was such a controversy in the case at bar, and the Circuit Court had cognizance of it.

The judgment of the Circuit Court is

*Affirmed.*