**Stella GRATZ and Taylor Oil and Gas Company (Re-Aligned), Plaintiffs,**

**v.**

**John D. MURCHISON and Clint W. Murchison, Jr., individually and as co-partners doing business under the firm name of Murchison Brothers, Clint W. Murchison, G. L. Bowsey, Harris A. Melasky, James L. Sewell, Neil Buckley and Fred P. Sewell, Defendants.**

**Civ. A. No. 1684.**

United States District Court
D. Delaware.

April 15, 1955.

Robert C. Barab, Wilmington, Del., and William E. Haudek, New York City, for plaintiff Stella Gratz.

Richard F. Corroon, of Berl, Potter & Anderson, Wilmington, Del., for individual defendants.

Edwin D. Steel, Jr., of Morris, Steel, Nichols & Arsht, Wilmington, Del., for Taylor Oil and Gas Co., original defendant.

LEAHY, Chief Judge.

This is a stockholder's derivative action which was commenced in the Delaware State Court of Chancery by a stockholder of Taylor Oil and Gas Company, a Delaware corporation. The action is against John D. Murchison and Clint W. Murchison, Jr., individually and as partners (Murchison Brothers), Clint W. Murchison, G. L. Rowsey, Harris A. Melasky, James L. Sewell, Neil Buckley and Fred P. Sewell, all of Texas. Plaintiff is a New York citizen. No question of federal law is involved.

The action was commenced on January 7, 1955, in the Delaware Court. Under process to compel appearance defendants' property was seized in the State Court. Defendants, other than Clint W. Murchison, entered general appearances. On January 28, 1955, all individual defendants—but not the Taylor Company—attempted to remove the action to this Court.

Defendants' original petition for removal alleged Taylor Company should be re-aligned as a party plaintiff and was so placed in the caption of the cause.[1] Individual defendants have filed answers in this Court. The answer on behalf of Taylor Company adopted the filed pleadings of the individual defendants, and sought dismissal of the complaint.

The question for decision is whether the action was properly removed to this Court under 28 U.S.C. § 1441(a) and (b).[2] Plaintiff in support of its mo-

---

1. It appears after the commencement of the action in the State Court, a summons and complaint was delivered to the sheriff for service upon the corporate defendant Taylor, but he failed to make service. After petition for removal was filed, Taylor Company was served on February 4, 1955, in the federal court proceedings.

2. "§ 1441. Actions Removable Generally
"(a) Except as otherwise expressly provided by Act of Congress, any civil

action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the

·tion to remand the cause to the State Court argues removal is improper as defendant Taylor Company did not join in the petition for removal, as required by the statute, subdivision (a); and, in any event, corporate-defendant Taylor is a resident of the State of Delaware and the action could likewise not have been removed, under subdivision (b).

Defendants support removal because 1. Taylor Company should be re-aligned as party plaintiff; 2. if Taylor can not be re-aligned, it was unnecessary for it to join in the petition for removal as it was not served with process in the State Court. Plaintiff argues for remand because a. a *resident* defendant such as corporate defendant Taylor must join in a petition for removal, regardless whether it was served with process; b. if unnecessary for Taylor to join in the petition for removal, as it was not served with process, such a ground should have been alleged in the petition for removal and lacking such allegation, the original petition for removal was fatally defective.[3]

■ 1. Under particular facts a federal court may re-align parties to reflect their actual interest. The paper record here indicates Taylor Company is controlled by the individual defendants, whose interests, it is alleged,[4] are hostile to Taylor Company and plaintiff.[5] A controlled corporation on whose behalf a derivative action is brought is properly joined as defendant and can not be re-aligned as a plaintiff.[6] The rule against the re-aligning of a wronged defendant corporation in a stockholder's derivative action seems settled, especially since Congress re-enacted the Judicial Code in 1948 without changing the judicial rule of re-alignment.[7] The corporate-defendant, I think, was properly named as a defendant in the original litigation in the State Court. I do not think it can be re-aligned as a party plaintiff here after attempted removal.

■ 2. Defendant argues corporate-defendant Taylor was not required to join in the petition for removal as required by § 1441 as it had not been served with process in the State Court. Much time and argument was devoted to this point. I think lack of service on defendant Taylor Company in the State Court is immaterial because 1. a *resident* defendant must join in any removal proceedings regardless whether such defendant has been served and 2. the removal petition at bar failed to allege such lack of service. § 1441 permits removal of a cause "by the defendant or the defendants." Unless the action involves separate or independent claims, *all*

United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

3. Defendants' concluding contention plaintiff waived right to remand, as Taylor Company was served in the federal court proceedings after petition for removal was filed, is totally lacking in merit. Discussion will be postponed until later.

4. Although defendants deny exercise of control, the right to remove depends upon allegations of the complaint. See Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334.

5. Taylor Company would appear to confirm this allegation by adopting as its own answer the pleadings filed by individual defendants and by demanding dismissal of the complaint.

6. Doctor v. Harrington, 196 U.S. 579, 25 S.Ct. 355, 49 L.Ed. 606; Venner v. Great Northern R. Co., 209 U.S. 24, 28 S.Ct. 328, 52 L.Ed. 666; Koster v. American Lumbermen's Mutual Gas Co., 330 U.S. 518, 523, 67 S.Ct. 828, 91 L.Ed. 1067; Schmidt v. Esquire, Inc., 7 Cir., 210 F. 2d 908, 912; Lavin v. Lavin, 2 Cir., 182 F.2d 870; Schoen v. Mountain Producers Corp., 3 Cir., 170 F.2d 707.

7. Congress is deemed to have been familiar with the rule of the decided cases prior to 1948 and its failure to disavow the decided cases indicates congressional approval. Cf. Johnson v. Manhattan R. Co., 289 U.S. 479, 500, 53 S.Ct. 721, 77 L.Ed. 1331.

defendants must join in the petition for removal.[8] There is an exception: If a *non-resident* defendant is not served with process he may be ignored and need not join in the petition for removal. But otherwise, as to a *resident* defendant, such defendant can not be ignored but must join in the petition for removal, regardless of service.[9]

Moreover, the petition for removal by all the individual defendants failed to allege corporate-defendant Taylor had not been served. Such an allegation was necessary. Such an omission makes the petition for removal fatally defective. § 1446(a) prescribes "a short and plain statement of the facts which entitle him or them to removal". This requirement is a strict one. "It is essential" for the removal for proper allegations of fact to be set forth within the terms of the statute.[10] The complaint filed in the Delaware Court of Chancery shows corporate-defendant Taylor was a resident of Delaware. In attempting to remove without joining this defendant, it was necessary to allege the corporate-defendant had not been served. The petition for removal failed to show compliance with the conditions of the statute, § 1441(a) and (b). The precise point was decided in *Wright v. Missouri Pac. R. Co.*, 8 Cir., 98 F.2d 34. There, plaintiff brought action in a state court against three non-resident defendants. Two defendants removed the action to the federal court. The petition failed to show why third defendant had not been joined in the petition for removal. Plaintiff's motion to remand was denied by the District Judge. On appeal, defendants attempted to sustain removal because third defendant had not been served with process at the time of removal. This argument was rejected.[11] Moreover, individual defendants here attempted to show by affidavits filed 20 days after their general appearance and *after* the petition for removal that the corporate-defendant had not been served with process in the State Court at the time of removal. Such defect could not be cured by subsequent action, as is found here, to support the original petition for removal.[12] In the instant case, individual defendants' petition for removal was defective and such defect can not be cured by filing affidavits long after the time limits for grounds for removal.[13] The attempt to cure the defective original petition for removal came long after the time to file a petition for removal had expired.

3. Defendants' main reliance for re-alignment of the Taylor Company as a corporate-plaintiff rests on *Smith v. Sperling*, D.C.S.D.Cal., 117 F.Supp. 781. Precise points decided (aside from others not here relevant) in the able opinion of Judge Mathes were: 1. the derivative corporation must be re-aligned as plaintiff unless controlled by alleged wrongdoers; 2. if existence of antagonistic control is disputed, such issue goes to jurisdiction and must be determined by trial or other fact-finding pro-

8. Chicago R. I. & P. R. Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055; Wright v. Missouri Pac. R. Co., 8 Cir., 98 F.2d 34, 35.

9. See Moore's Commentary on the U. S. Judicial Code (1949), § 0.03(35), p. 234; Pullman Co. v. Jenkins, 305 U.S. 534, 540-541, 59 S.Ct. 347, 83 L.Ed. 334; Hane v. Mid-Continent Petroleum Corp., D.C.N.D.Okl., 47 F.2d 244, 246-247.

10. Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 151, 34 S.Ct. 278, 280, 58 L.Ed. 544.

11. See 98 F.2d at pages 35-36.

12. See Heckleman v. Yellow Cab Transit Co., D.C.E.D.Ill., 45 F.Supp. 984, where one defendant removed to federal court and other defendant did not join in the petition. The petition adduced no grounds for such omission. Upon plaintiff's motion to remand, removing-defendant attempted to sustain removal on ground other defendant had not been served with process. Held: This ground unavailable because it had not been set forth in the original petition for removal.

13. See White v. Sullivan, D.C.Colo., 107 F.Supp. 959; Cline v. Belt, D.C.E.D. Ky., 43 F.Supp. 538; Town of Fairfax v. Ashbrook, D.C.N.D.Okl., 3 F.Supp. 345; Frazier v. Hines, D.C.E.D.S.C., 260 F. 874, 879.

cedures; 3. if corporation re-aligned as a plaintiff is found not in antagonistic hands and if a citizen of the same state as any of defendants, action must be dismissed for lack of diversity. I respect and admire the scholarly treatment applied to the problem by Judge Mathes. I make no statement whether he has the right of the matter. His views are at war with the rule of law established by the decided cases.

■■■■ My independent search does not show either re-alignment of a derivative corporate-defendant depends upon *proof* of antagonistic control or existence of such control is prerequisite of a stockholder's action in aligning the wronged corporation as a defendant. Complaints in this type of action have been dismissed on the merits for "lack of equity", not for lack of jurisdiction. 3 Moore's Fed. Pr. (2d Ed.) § 23.23, p. 3546; Venner v. Great Northern R. Co., 209 U.S. 24, 28 S.Ct. 328, 52 L.Ed. 666. For 51 years since Doctor v. Harrington, supra, I have found no derivative stockholder's action in which the corporation was re-aligned as a plaintiff, as was done in Smith v. Sperling, supra, especially since there have been many stockholders' class actions where the complaints have even failed to allege antagonistic control and the corporation remains a defendant. Clearly, the Smith case is contrary to the view of Judge Learned Hand in Lavin v. Lavin, 2 Cir., 182 F.2d 870, and Judge Wyzanski in Ashley v. Keith Oil Corp., D.C.Mass., 73 F.Supp. 37, both of which views I share. Moreover, I find no case other than Smith v. Sperling holding re-alignment of the corporation calls for a *factual* determination for jurisdictional purposes. An allegation in a complaint the wrongdoers control the corporation, I think, is determinative for jurisdic-

tional purposes since, in determining whether a cause of action is removable "we look to the plaintiff's pleading, which controls". American Fire & Cas. Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702.[14] Absent fraud, the complaint allegation should be conclusive against re-alignment of a corporate-defendant into a plaintiff. Individual defendants' allegations in the instant case in the petition for removal that they are not in control of the Taylor Company, it is argued, should be accepted since such was not specifically denied in plaintiff's present motion to remand. Such argument has a tissue quality. The original complaint clearly alleged defendants' control. That allegation for present purposes is conclusive. If a removal petition in a particular case did, in fact, allege fraud, such an allegation must be denied in any plaintiff's motion to remand. Such an issue of fraud would have to be determined by the district judge, for jurisdiction could be conferred upon him in such circumstances for such limited purpose. In the case at bar, the removal petition makes no allegation of such fraud.

■■■■ 4. As stated, at the time of removal, corporate-defendant Taylor had not been served with process. When the case came here a summons was issued by the Clerk of the Court and served on plaintiff's behalf on the resident agent for corporate-defendant Taylor. Next day, plaintiff filed a motion to remand. I do not think such action on plaintiff's part constitutes waiver of her right to remand the case at bar to the State Court. It was necessary for corporate-defendant Taylor to be served with process. A corporation on whose behalf a stockholder's suit is brought is an indispensable party.[15] Absent service on

---

14. See, too, among others: Preas v. Phebus, 10 Cir., 195 F.2d 61; Norwalk v. Air-Way Electric Appliance Corp., 2 Cir., 87 F.2d 317, at pages 319–320, 110 A.L.R. 183; 2 Cyc.Fed.Proc. (3d Ed.), § 3.149, pp. 440–2; Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 217–218, 26 S.Ct. 161, 50 L.Ed. 441;

Hay v. May Dept. Stores Co., 271 U.S. 318, 321–322, 46 S.Ct. 498, 70 L.Ed. 965; Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 174 F.2d 788; Bolstad v. Central Sur. & Ins. Corp., 8 Cir., 168 F.2d 927, 930.

15. Greenberg v. Giannini, 2 Cir., 140 F.2d 550, 554, 152 A.L.R. 966.

corporate-defendant Taylor, individual defendants might have moved to dismiss for lack of an indispensable party. The service in this Court was no more than completion of a procedure already initiated in the State Court and it was followed within 24 hours by the present motion of plaintiff to remand.[16]

In conclusion, I think plaintiff's motion to remand this case to the Court of Chancery of the State of Delaware should be granted. An order may be submitted.

16. Other courts have refused to find a waiver under such circumstances. Kearney v. Dollar, D.C.Del., 111 F.Supp. 738; Kramer v. Jarvis, D.C.Neb., 81 F.Supp. 360; Parkinson v. Barr, C.C. Nev., 105 F. 81, 82–83.