**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL MCNEIL, | No. 23-3080 |
| *Plaintiff - Appellee,* | D.C. No. 3:20-cv-00668-APG-CSD |
| v. | |
| Warden WILLIAM L. GITTERE; Sgt. MATTHEW ROMAN; Sgt. DENNIS HOMAN; SARAH O'DONNELL, C/O; AMANDA ALLRED, Caseworker; Deputy Director HAROLD WICKHAM, | OPINION |
| *Defendants - Appellants*. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted March 6, 2025
Las Vegas, Nevada

Filed September 2, 2025

Before: Johnnie B. Rawlinson, Eric D. Miller, and Roopali H. Desai, Circuit Judges.

Opinion by Judge Desai

## SUMMARY[*]

### Jurisdiction

Dismissing for lack of jurisdiction, the panel held that prison officials' notice of appeal was untimely where they filed a notice of appeal 150 days after the district court entered an order denying their motion for summary judgment based on qualified immunity in a 42 U.S.C. § 1983 action.

The panel held that 28 U.S.C. § 2107(a) controls, and under the statute's plain language, defendants must file a notice of appeal within 30 days after entry of an order denying qualified immunity.

The panel rejected defendants' contention that the Federal Rules of Civil and Appellate Procedure gave them an extra 150 days to appeal because the district court did not enter judgment denying qualified immunity in a separate document. Where (as here) a federal statute unambiguously circumscribes the court's jurisdiction, courts must follow the statute. Under Section 2107(a)'s plain language, "entry" of an immediately appealable collateral order occurs when the district court files the order on the civil docket. To the extent the Rules allow more time to appeal collateral orders with no corresponding separate document, the Rules conflict with the statute and are thus invalid. Because defendants' appeal was untimely, the panel lacked jurisdiction to review the case.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Rebecca Steinberg (argued), Brian Wolfman, and Regina Wang, Supervising Attorneys; Jonathan Corn, Morgan F. Flitt, and Payton S. Gannon, Certified Law Students; Georgetown University Law Center, Appellate Courts Immersion Clinic, Washington, D.C.; for Plaintiff-Appellee.

Chris Davis (argued), Senior Deputy Attorney General; Aaron D. Ford, Nevada Attorney General; Office of the Nevada Attorney General, Las Vegas, Nevada; for Defendants-Appellants.

## OPINION

DESAI, Circuit Judge:

A timely notice of appeal in a civil case must be filed "within thirty days after the entry of [a] judgment, order or decree." 28 U.S.C. § 2107(a). Defendants William Gittere, Matthew Roman, and Harold Wickham (collectively, "defendants") filed a notice of appeal 150 days after the district court entered an order denying their motion for summary judgment based on qualified immunity. Casting aside § 2107(a), defendants insist that the Federal Rules of Civil and Appellate Procedure gave them 180 days to appeal.

We disagree. Section 2107(a) controls here, and under the statute's plain language, defendants must file a notice of appeal within 30 days after entry of an order denying qualified immunity. Because defendants' appeal is untimely, we dismiss it for lack of jurisdiction.

## BACKGROUND

In April 2020, Michael McNeil, an incarcerated person at Ely State Prison, was charged with smuggling drugs into the prison using the mail system. At his preliminary disciplinary hearing, McNeil asked to view the evidence against him, including mail addressed to him and a positive drug test result from the envelopes' address labels. Roman, who presided over the hearing, denied McNeil's request.

At a formal hearing a few days later, a disciplinary committee found McNeil guilty and sanctioned him by deducting 60 days of statutory good time credits and 90 days of canteen privileges, and by referring him to the Nevada Attorney General for criminal prosecution. McNeil twice appealed using the prison's grievance process, but Gittere and Wickham denied his appeals.

McNeil sued defendants under 42 U.S.C. § 1983, claiming they violated his Fourteenth Amendment right to due process. The parties cross-moved for summary judgment. The district court granted in part and denied in part McNeil's motion for summary judgment. It held that defendants violated McNeil's due process right when they denied him access to the mail and positive drug test result but that there was a genuine dispute of fact regarding whether McNeil clearly requested access to other evidence. The district court denied defendants' motion for summary judgment on qualified immunity, holding that it was clearly established that McNeil had a constitutional right to access the evidence against him.

The district court entered its order on the civil docket on May 22, 2023. Defendants filed their notice of appeal of the district court's order 150 days later, on October 19, 2023.

## DISCUSSION

Federal courts "are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). We thus have an "obligation to investigate and ensure our own jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1049 (9th Cir. 2003). Timeliness of an appeal in a civil case is jurisdictional, *Bowles v. Russell*, 551 U.S. 205, 209–10 (2007), and is defined by 28 U.S.C. § 2107(a).

Ignoring § 2107(a)'s clear 30-day appeal deadline, defendants argue that their appeal is timely under the Federal Rules of Appellate and Civil Procedure. Defendants maintain that the Rules gave them an extra 150 days to appeal because the district court did not enter judgment denying qualified immunity in a separate document. But to prevail in their argument, defendants must show that § 2107(a)'s plain language does not control the time to appeal here. They fail to do so.

Because our jurisdiction is defined by federal statute, we begin with the "language of the statute itself." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989). And here, too, is where the inquiry should end. When "the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *Id.* (quotation omitted).

Under § 2107(a), "no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed[] within thirty days after the entry of such judgment, order or decree." To determine when the 30-day clock to file a notice of appeal begins to run, we must answer two questions: First, what "judgment, order or decree" is

being appealed? Second, when did "entry" of the judgment, order, or decree occur?

Here, the answer to the first question is clear: Defendants appeal the district court's order denying qualified immunity. The parties agree that an order denying summary judgment based on qualified immunity is immediately appealable under the collateral order doctrine. *See Mitchell v. Forsyth*, 472 U.S. 511, 525–29 (1985); *Plumhoff v. Rickard*, 572 U.S. 765, 771 (2014) ("An order denying a motion for summary judgment is generally not a final decision within the meaning of [28 U.S.C.] § 1291 and is thus generally not immediately appealable. But that general rule does not apply when the summary judgment motion is based on a claim of qualified immunity . . . [because] pretrial orders denying qualified immunity generally fall within the collateral order doctrine." (citations omitted)).

Next, we must decide when "entry" of the order occurred. *See* 28 U.S.C. § 2107(a). The answer is again clear from the statute's text because "entry" has a plain meaning.

When Congress first enacted § 2107(a) in 1948,[1] Black's Law Dictionary defined "entry" as a "formal inscription upon the rolls or records of a court of a note or minute of any of the proceedings in an action." Black's Law Dictionary 667 (3d ed. 1933); *see also* Ballentine's Law Dictionary 487 (1948) (defining "entry" as "[r]ecordation" and "noting in a record"). Today, Black's Law Dictionary defines "entry" as "[a]n item written in a record" or a "notation." Black's Law Dictionary (12th ed. 2024). Simply put, "entry" of an order occurs when the district court notes or records its order. And, in terms of this case, the district court enters a collateral

---

[1] June 25, 1948, c. 646, 62 Stat. 963.

order denying qualified immunity when the order is filed on the civil docket. We need look no further to define when an order is entered for purposes of filing a timely appeal.

Defendants read the Federal Rules to give them extra time that the statute does not. Federal Rule of Appellate Procedure 4(a)(1)(A) requires that litigants file a notice of appeal "within 30 days after entry of the judgment or order appealed from." Rule 4(a)(7)(A) explains that "[e]ntry" occurs "when the judgment or order is entered in the civil docket," unless "Federal Rule of Civil Procedure 58(a) requires a separate document." In that case, "[e]ntry" occurs when the district court issues the separate document or, if no separate document is filed, 150 days after the entry of a judgment or order on the civil docket, whichever is earlier. Fed. R. App. P. 4(a)(7)(A)(ii).

Under Federal Rule of Civil Procedure 58(a), "[e]very judgment . . . must be set out in a separate document." Federal Rule of Civil Procedure 54(a) defines "'[j]udgment' as used in these rules" to "include[] . . . any order from which an appeal lies." And as we have explained, appeals lie from collateral orders like those denying summary judgment on qualified immunity. Defendants therefore argue that orders denying qualified immunity are subject to the separate-document rule, and when the district court does not enter a separate document, entry occurs 150 days after the order was entered on the docket.

Based on this reasoning, defendants claim that because the district court did not issue a separate document, the time to appeal the denial of qualified immunity was 180 days (30 days after the 150 days granted by the Federal Rules of Appellate Procedure).

If we were considering the Rules in isolation, defendants' argument might have merit. But "[o]ur jurisdiction is grounded in Article III and in the statutes, not in the *Federal Rules* promulgated by the Supreme Court under the Rules Enabling Act." *United States v. Jacobo Castillo*, 496 F.3d 947, 954 (9th Cir. 2007). Section 2107(a) sets the deadline to appeal an order at 30 days after the entry of the order on the civil docket. To the extent the Rules allow more time to appeal collateral orders with no corresponding separate document, the Rules conflict with the statute and are thus invalid. What is more, defendants' construction of the Rules would dramatically expand our jurisdiction, allowing us to hear appeals of collateral orders for up to six months after their entry on the civil docket. This is not only contrary to judicial economy and this circuit's practice, but it also defies the law. The Rules Enabling Act authorizes the Supreme Court "to prescribe general rules of practice and procedure," so long as the rules do "not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072. Neither the Federal Rules of Civil Procedure nor the Federal Rules of Appellate Procedure may "expand or diminish the jurisdiction conferred by Congress." *Jacobo*, 496 F.3d at 954; *see also Venner v. Great N. Ry. Co.*, 209 U.S. 24, 35 (1908). At bottom, where (as here) a federal statute unambiguously circumscribes our jurisdiction, we must follow the statute.

Defendants argue that "§ 2107 does not define '[judgment]' or 'entry,' and therefore gives no indication as to when the thirty-day deadline for filing notice of appeals commences." But we do not need the Rules to define when "the entry of [an] . . . order" occurs because the timing of that event is clear. 28 U.S.C. § 2107(a). A court enters an order when the order appears on the docket.

Unlike entry of an order, entry of a "judgment" lacks the same clarity. A judgment is the "final determination of the rights and obligations of the parties in a case." Black's Law Dictionary (12th ed. 2024). Because the finality of a court's determination of the rights and obligations of the parties is not always apparent, § 2107 alone does not dictate when a judgment is entered. Indeed, before Rule 58(a)'s enactment, there was "considerable uncertainty" over whether certain actions taken by a district court constituted entry of a final judgment. *United States v. Indrelunas*, 411 U.S. 216, 220–21 (1973) (explaining that entry of final judgment "has a most important bearing . . . on the time for appeal and the making of post-judgment motions that go to the finality of the judgment for purposes of appeal" (quotation omitted)). As the Advisory Committee explained:

> [S]ome difficulty has arisen, chiefly where the court has written an opinion or memorandum containing some apparently directive or dispositive words, e.g., "the plaintiff's motion for summary judgment is granted." Clerks on occasion have viewed these opinions or memoranda as being in themselves a sufficient basis for entering judgment in the civil docket . . . . However, where the opinion or memorandum has not contained all the elements of a judgment, or where the judge has later signed a formal judgment, it has become a matter of doubt whether the purported entry of judgment was effective, starting the time running for post-

verdict motions and for the purpose of
appeal.

Fed. R. Civ. P. 58 advisory committee's notes to 1963
amendment (citation modified); *see Bankers Tr. Co. v.
Mallis*, 435 U.S. 381, 384–85 (1978).

Because § 2107 does not dictate when a judgment is
entered, the Rules can define the timing of that event.
Indeed, the "sole purpose" of the separate document
requirement was to eliminate uncertainty by requiring that
an entry of final judgment be "set out on a separate
document—distinct from any opinion or memorandum."
*Bankers Tr. Co.*, 435 U.S. at 384–85 (quotation omitted).
Rule 58(a) "was thus intended to avoid the inequities that
were inherent when a party appealed from a document or
docket entry that appeared to be a final judgment of the
district court only to have the appellate court announce later
that an earlier document or entry had been the judgment and
dismiss the appeal as untimely."[2] *Id.* at 385.

Collateral orders do not raise the same concerns. "[T]he
essence of a 'collateral' order is the absence of a final

---

[2] That Rule 58(a)'s separate document requirement was intended to
clarify entry of *final judgment* is further demonstrated by its exclusion
of certain post-judgment orders. *See, e.g.*, Fed. R. Civ. P. 58(a)(1)
(excluding judgments on renewed motions for judgment as a matter of
law); *see also* Fed. R. Civ. P. 58 advisory committee's notes to 2002
amendment ("Rule 58 is amended, however, to address a problem that
arises under Appellate Rule 4(a). Some courts treat such orders as those
that deny a motion for new trial as a 'judgment,' so that appeal time does
not start to run until the order is entered on a separate document. Without
attempting to address the question whether such orders are appealable,
and thus judgments as defined by Rule 54(a), the amendment provides
that entry on a separate document is not required for an order disposing
of the motions listed in Appellate Rule 4(a).").

judgment." *Carson v. Block*, 790 F.2d 562, 564 (7th Cir. 1986). Unlike final judgments, where a separate document "signal[s]" to litigants that "the court is done with their case" and "the time to appeal has begun to run," Fed. R. App. P. 4 advisory committee's note to 2002 amendments, collateral orders are *prejudgment* decisions that can be appealed immediately and, if unsuccessful on interlocutory appeal, after final judgment. *See, e.g.*, *Est. of Aguirre v. Cnty. of Riverside*, 131 F.4th 702, 705–06 (9th Cir. 2025). There is thus no risk that a litigant's uncertainty about the finality of a collateral order will jeopardize their right of appeal.

## CONCLUSION

Under 28 U.S.C. § 2107(a)'s plain language, "entry" of an immediately appealable collateral order occurs when the district court files the order on the civil docket. Defendants' appeal is untimely, and we lack jurisdiction to review the case.

The appeal is **DISMISSED.**