# THE CENTRAL RAILROAD COMPANY OF NEW JERSEY *v.* MILLS & Another, Executors.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW JERSEY.

Submitted December 22, 1884.—Decided January 19, 1885.

A bill in equity, filed in the Court of Chancery of the State of New Jersey by citizens of that State, stockholders in a New Jersey railroad corporation, against that corporation, and a Pennsylvania railroad corporation, and several individuals, citizens respectively of New Jersey and Pennsylvania, and directors in one or both corporations, alleged that, without authority of law, and in fraud of the rights of the plaintiffs, and with the concurrence of the individual defendants, the New Jersey corporation, pursuant to votes of a majority of its stockholders, made, and the Pennsylvania corporation took, a lease of the railroad and property of the New Jersey corporation; and prayed that the lease might be set aside, the Pennsylvania corporation ordered to account with the New Jersey corporation for all profits received, the amount found due ordered to be paid to the New Jer-

sey corporation by the Pennsylvania corporation, or, upon its failure to do
so, by the individual defendants, and the New Jersey corporation ordered
to administer the property in conformity with its charter, and to pay over
to the plaintiffs their share of that amount. The defendants answered
jointly, denying the illegality of the lease, and removed the case into the
Circuit Court of the United States, under the act of March 3, 1875, ch. 137,
as involving a controversy between citizens of different States, and a con-
troversy arising under the Constitution and laws of the United States.
The Circuit Court, upon the plaintiffs' motion, remanded the case to the
State court. *Held*, That the case was rightly remanded.

This was an appeal from an order of the Circuit Court of the
United States for the District of New Jersey, remanding to the
Court of Chancery of the State of New Jersey a suit in equity
brought by the appellees against the appellants. The case, so
far as material to the understanding of the question presented
by the appeal, was as follows:

The bill was filed by two citizens of New Jersey, executors
of Stephen Vail, and, as such, stockholders in the Central
Railroad Company of New Jersey, a New Jersey corporation,
against that corporation, and the Philadelphia and Reading
Railroad Company, a Pennsylvania corporation, and several
individuals, citizens respectively of New Jersey, of Pennsylva-
nia and of Maryland, and directors in one or both of those
corporations, to set aside a lease made by the New Jersey cor-
poration of its railroad and property to the Pennsylvania cor-
poration, and for an account of profits received under the lease.

The bill set out the charter of the New Jersey corporation,
enacting that its railroad should be operated by directors
elected by its stockholders, and that dividends of its net earn-
ings should be made semi-annually among its stockholders;
and alleged that the road was afterwards constructed and
operated accordingly; that the corporation, although holding
the legal title to all its property, held it as a trustee for the
stockholders, and the real, equitable and beneficial interest in
the property, and in all dividends or income accruing or to
accrue therefrom, was in the stockholders; "and that any act
or thing done without the consent of all of said stockholders,
or due process of law, which destroys the powers and control
of those trustees, to whom the stockholders have confided their

property, or which prevents those trustees from fully and freely performing said trusts, or which in whole or in part substitutes new or other trustees for those selected by said stockholders, or which takes from said stockholders their estate or interest in said properties, or their control over them and their management, or transfers the possession and management of the property of said stockholders to another corporation or to any other person, or in any wise changes the scheme of said railroad company or the enterprise in which and to further which the said stockholders advanced and invested their capital, or which limits the productiveness of their property to them and diverts the earnings, or any part thereof, to other persons, natural or artificial, on any pretence whatever, is a fraud upon said stockholders, is unlawful as changing the contract between said corporation and said stockholders against their consent, and is absolutely void by the law of the land."

The bill further alleged that the directors of the New Jersey corporation, in accordance with votes of a majority of the stockholders, but without the consent of all the stockholders, or of the plaintiffs, executed and delivered a lease of its railroad and all its property to the Pennsylvania corporation, for the term of nine hundred and ninety-nine years, and the Pennsylvania corporation entered into possession under the lease; that the lease prevented those trustees from performing the trust reposed in them by the stockholders, and affected their rights and interests in the particulars above set forth, and "was made without any authority of law, and is illegal, inequitable and void;" that the individual defendants, under cover of that lease, and well knowing its illegality, had been and were actively engaged in furthering the aforesaid invasion of the rights of the plaintiffs as stockholders; that therefore any application by the plaintiffs to the corporation, or to the directors or stockholders, to institute this suit would have been futile, and had not been made; and that consequently the plaintiffs were entitled to bring and maintain this suit in their own name, as well for themselves as for other stockholders similarly situated.

The bill prayed for a decree that the lease and the delivery

of possession under it were illegal and void, and a fraud upon the rights of the plaintiffs; that the Pennsylvania corporation surrender to the New Jersey corporation the railroad and other property, and account with it for all tolls and profits received; that the New Jersey corporation take possession of the railroad and property, and use and administer it in conformity with the trusts imposed by its charter, and distribute and pay over to the plaintiffs their share of all the money to be found due upon such accounting from the Pennsylvania corporation to the New Jersey corporation; and that, upon the failure of the Pennsylvania corporation to pay back to the New Jersey corporation all moneys taken under the lease, the individual defendants pay the same to the New Jersey corporation; and for further relief.

The defendants filed a joint answer, admitting the plaintiffs' ownership of stock in the New Jersey corporation, the construction and operation of the railroad by that corporation, and the execution and delivery of the lease, and of possession under it; denying the other leading allegations of the bill; averring that the charter of the New Jersey corporation was subject by law to alteration, suspension or repeal in the discretion of the legislature; that the lease was expressly authorized by the laws of New Jersey; and that, if the bill could be maintained, all that the plaintiffs could claim was the value of their stock, and damages assessed according to any reasonable anticipation of its productiveness in the future, and such damages the defendants were willing and thereby proffered to pay.

Before the cause could be heard in the State court, all the defendants joined in a petition, under the act of March 3, 1875, ch. 137, for its removal into the Circuit Court of the United States, for the following reasons:

"That the said suit is one instituted by the plaintiffs, who are the executors of one Stephen Vail, and, as such, holders of certain shares of stock of the Central Railroad Company of New Jersey, one of the defendants above named, to obtain a decree requiring the surrender and cancellation, as illegal, void, and a fraud upon the rights of the plaintiffs, of a certain lease of all its railroads and other property, executed by the said

Central Railroad Company of New Jersey to the said Philadelphia and Reading Railroad Company, and the payment over by the said Reading Company to the said Central Company of all rents, tolls and profits by the former, as lessee as aforesaid, and further requiring that the said Reading Company should cease and refrain from doing any act under the terms of said lease.

"That the defendants, other than the two above-mentioned railroad companies, were made parties to the said suit only by reason of their official connection with the said two companies, and are not necessary or substantial parties to the controversy, which relates solely, as already mentioned, to the validity of the lease above referred to, of the railroads and other property of the Central Company to the Reading Company; that the plaintiffs in the suit claim that as stockholders in the Central Railroad Company of New Jersey they have the right to institute said suit upon behalf of the said company, to compel the surrender by the Philadelphia and Reading Railroad Company of the above-mentioned lease, and an accounting for and return by the latter company to the former of all moneys received as such lessee as aforesaid; and the controversy in said suit is therefore between citizens of different States, as the plaintiffs and the Central Railroad Company are citizens of the State of New Jersey, and the Philadelphia and Reading Railroad Company is a citizen of the State of Pennsylvania.

"That the controversy in said suit is, moreover, one arising under the Constitution and laws of the United States, in that the right to make said lease is rested by the defendants upon a certain statute of New Jersey, approved March 11, 1880, ch. 160, which provides, *inter alia*, as follows: 'It shall be lawful for any corporation incorporated under this act, or under any of the laws of the State, at any time during the continuance of its charter, to lease its road, or any part thereof, to any other corporation or corporations of this or any other State, or to unite and consolidate as well as merge its stock, property and franchises and road with those of any company or companies of this or any other State, or to do both; and such other company or companies are hereby authorized to take such, and to

unite, consolidate, as well as merge its stock, property, franchises and road with said company, or to do both; and after such lease or consolidation the company or companies so acquiring said stock, property, franchises and road may use and operate such road, and their own roads, or all or any of them, and transport freights and passengers over the same, and take compensation therefor, according to the provisions and restrictions contained in this act, notwithstanding any special privilege heretofore granted or hereafter to be granted to another corporation for the transportation of freights and passengers between any points on the lines of said road, or any other points within or without this State,' which said statute, it is contended by the plaintiffs, is null and void, in that it attempts to alter and amend charters of incorporated companies without the consent of all the stockholders of said companies, and is therefore violative of the provision of the Constitution of the United States that no State shall pass any law impairing the obligation of contracts."

The case was thereupon removed into the Circuit Court of the United States, but was remanded by that court to the State court. 20 Fed. Rep. 449.

*Mr. James E. Gowen* for appellants.— I. The pleadings in this case present a Federal question. The substantial complaint in the bill is, that the Central Company had, without authority of law, leased its railroad and franchises to the Reading Company. It is charged that the lease is unlawful as changing the contract between the corporation and its stockholders against their consent, and is absolutely void. The answer sets up that the lease is authorized by the laws of New Jersey. There is a law of New Jersey which authorizes it; and thus the question is expressly presented whether that law authorizes the impairment of a contract. In *Smith* v. *Greenhow,* 109 U. S. 669, the record presented no ground for holding that the Virginia statute was invalid, except that it was in conflict with the constitutional provision as to contracts; and this court reversed the remanding order. The test of jurisdiction is not the same in removal cases that it is in cases brought up by writ of error. In the

latter case it must appear not only that a Federal question was involved, but that it was raised, and was necessary to the judgment rendered. *Chouteau* v. *Gibson*, 111 U. S. 200. Such a rule, applied to removals, would practically annul the statute. And it has been held that though there may be many non-Federal questions, yet the existence of one in the case is sufficient to warrant removal. *Mayor* v. *Cooper*, 6 Wall. 247; *Railroad Co.* v. *Mississippi*, 102 U. S. 135; *Western Union Tel. Co.* v. *National Tel. Co.*, 19 Fed. Rep. 561; *Gold Washing & Water Co.* v. *Keyes*, 96 U. S. 199, is not in conflict with these decisions. When the issue is whether a legislative act impairs a contract, a constitutional question arises; and on petition for removal the court is to decide, not whether the act does impair the contract, but whether the case fairly raises the question whether it does or not. *People* v. *Chicago & Burlington Railroad*, 16 Fed. Rep. 706. The decision of the real question here requires the court to determine whether the New Jersey act authorizing the lease conflicts with the charter of the Central Company. That is a Federal question, within *Bridge Proprietors* v. *Hoboken Co.*, 1 Wall. 116.—II. This cause was removable on the ground of citizenship of the parties. Treating the individual defendants as merely formal parties to the main controversy in the case, and their citizenship consequently as immaterial, the controversy must be viewed as one between the plaintiffs and the Central Company, both citizens of New Jersey, upon the one hand, and the Reading Company, a citizen of Pennsylvania, upon the other; for in a stockholder's bill of the kind before the court, the company in which the plaintiffs are stockholders is a necessary party defendant, but the interests of the stockholders and the company are identical, and they represent one side of the controversy, and the company against whom the accounting and relief are sought, represent the other. *Arapahoe County* v. *Kansas Pacific Railroad*, 4 Dillon, 277. It is true that individual defendants, directors, were citizens of the same State as plaintiff. As to their position see *Pond* v. *Sibley*, 7 Fed. Rep. 129; *National Bank* v. *Wells River Co.*, 7 Fed. Rep. 750; *Hatch* v. *Chicago & Rock Island Railway*, 6 Blatchford, 105. Assuming that they

were necessary parties, yet there was a separate controversy between the plaintiffs and each of them. *Langdon* v. *Fogg*, 18 Fed. Rep. 5; *Barney* v. *Latham*, 103 U. S. 205 ; *Clark* v. *Railroad Companies*, 11 Fed. Rep. 355 ; *Sheldon* v. *Keokuk Packet Co.*, 9 Bissell, 307 ; *Kerting* v. *Cotzhausen*, 11 Bissell, 582 ; *Buford* v. *Strother*, 3 McCrary, 253. The position of the Central Company in this suit is analogous to that of the executors in *Walden* v. *Skinner*, 101 U. S. 577. See also *Bacon* v. *Rives*, 106 U. S. 99, 104.

*Mr. Henry C. Pitney* and *Mr. Barker Gummere* for appellees.

Mr. Justice Gray delivered the opinion of the court. He recited the facts as above stated, and continued :

The controversy in this case is not between citizens of different States. In truth, as well as in form, the parties on one side of the controversy are citizens of New Jersey, and those on the other side of the controversy are a New Jersey corporation and other citizens of New Jersey, as well as a Pennsylvania corporation and citizens of Pennsylvania and of Maryland. The bill is filed by stockholders in the New Jersey corporation, in behalf of themselves and other stockholders similarly situated, to set aside a lease made by that corporation, acting in concert with the other defendants, of its railroad and property, in excess of its corporate powers, and in fraud of the rights of the plaintiffs. All the defendants unite in defending the acts complained of, and in denying the illegality and fraud charged against them. The New Jersey corporation is in no sense a merely formal party to the suit, or a party in the same interest with the plaintiffs; but is rightly and necessarily made a defendant. *Hawes* v. *Oakland*, 104 U. S. 450, 460; *Atwool* v. *Merryweather*, L. R. 5 Eq. 464, note ; *Menier* v. *Hooper's Telegraph Co.*, L. R. 9 Ch. 350 ; *Mason* v. *Harris*, 11 Ch. D. 97. There is no separate controversy between the plaintiffs and those directors who are citizens of Pennsylvania. The bill seeks affirmative relief against the directors, as well as against the two corporations, for one and the same illegal and fraudu-

lent act; the single matter in controversy between the plaintiffs and all the defendants is the validity of that act; and unless it is determined that the action of the New Jersey corporation was invalid as against the plaintiffs, there can be no decree against any of the other defendants. All the parties on one side of this controversy not being citizens of different States from all those upon the other side, the citizenship of the parties did not bring the case within the jurisdiction of the Circuit Court. *Ayres* v. *Wiswall*, 112 U. S. 187.

No controversy has arisen under the Constitution and laws of the United States. Neither the bill nor the answer, in terms or in effect, claims any right or involves any question under that Constitution or those laws. The question whether a party claims a right under the Constitution or laws of the United States is to be ascertained by the legal construction of its own allegations, and not by the effect attributed to those allegations by the adverse party. The bill, while alleging the lease made by the New Jersey corporation to be inconsistent with its charter, illegal and void, does not assert or imply an intention to impugn the validity of any statute of the State for repugnancy to the Constitution or laws of the United States. And the counsel for the plaintiffs, at the hearing in the Circuit Court, as well as in this court, disclaimed the intention to do so. Should any such question arise in the progress of the cause, and be decided by the State court against a right claimed under the national Constitution and laws, relief may be had by writ of error from this court. But in the present condition of the case, the Circuit Court rightly held that it did not involve a controversy properly within its jurisdiction. *Gold Washing Co.* v. *Keyes*, 96 U. S. 199 ; *Smith* v. *Greenhow*, 109 U. S. 669.

*Judgment affirmed.*