## SNEAD v. SELLERS et al.

(Circuit Court of Appeals, Fifth Circuit. December 11, 1894.)

No. 256.

1. JURISDICTION OF FEDERAL COURTS — DIVERSE CITIZENSHIP — RESIDENT OF TERRITORY.

A citizen of the Indian Territory cannot sue a citizen of a state in the federal courts.

2. SAME—DUTY OF APPELLATE COURT.

It is the duty of an appellate court to direct the dismissal of the case, where the complaint shows that the requisite diverse citizenship does not exist.

In Error to the Circuit Court of the United States for the Northern District of Texas.

This was an action by John S. Snead against A. F. Sellers and others to try title to real estate. The circuit court rendered judgment, on the verdict of a jury, establishing a boundary line. Plaintiff brings error.

S. H. Lumpkins, for plaintiff in error.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

PARDEE, Circuit Judge. The action in this case, trespass to try title, was brought in the circuit court under the following jurisdictional averment:

"Your petitioner, John S. Snead, a nonresident of the state of Texas, now residing and domiciled in the town of Purcell, in Pontotoc county, Chickasaw Nation, Indian Territory; as a licensed trader, and a citizen of the United States, now comes and complains of A. F. Sellers and William Connally, resident citizens of Hamilton county, Texas, and J. I. Musick, N. C. Russell, Solomon Starr, Oliver Newton, and Sarah A. Tandy, all of whom reside in Bosque county, and in said Northern district of Texas, except Mrs. Sarah A. Tandy, who resides in Lavaca county, Texas, and with respect shows to the court that heretofore, to wit," etc.

The record contains no other averment tending to show diverse citizenship of the parties to the suit, and the inference to be drawn from the averment given is that John S. Snead is a citizen of the Indian Territory. It has been uniformly held since New Orleans v. Winter, 1 Wheat. 91, that a citizen of a territory cannot sue a citizen of a state in the courts of the United States. See Barney v. Baltimore City, 6 Wall. 280–287; Railway Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510. The last cited case, in addition to recognizing the correctness of the decision in New Orleans v. Winter, also declares the duty of the appellate court in cases where it does not appear upon the record that the circuit court has jurisdiction. The judgment of the circuit court should be reversed, and the case remanded, with instructions to dismiss the action, with costs; and it is so ordered.