## CARPENTER v. CARDEN et al.

(Circuit Court of Appeals, Second Circuit. December 3, 1923.)

No. 35.

1. **Courts ⬅⟹308—Diversity of citizenship absent, where plaintiff and one defendant residents of same state.**

Where plaintiff and one defendant were residents of the same state, and there was not a severable controversy as to that defendant, the diversity of citizenship required under Judicial Code, § 24 (Comp. St. § 991), is absent, and the complaint must be dismissed for want of jurisdiction.

2. **Appeal and error ⬅⟹185(1)—Appellate court will take notice of want of jurisdiction appearing on face of record.**

Where the appellate court finds that jurisdiction does not appear from the face of the record, it must dispose of the case accordingly.

3. **Courts ⬅⟹325—Jurisdiction on theory of diversity of citizenship cannot be conferred by consent.**

Where jurisdiction depends on diversity of citizenship, it cannot be conferred by consent, and failure to move to dismiss for want of jurisdiction, and the interposition of an answer does not affect or cure the lack of jurisdiction.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by John H. Carpenter, suing on behalf of himself and all of the stockholders similarly situated against George A. Carden and others. From a final decree, which "ordered, adjudged, and decreed that the motion to dismiss is granted with all costs against the complainant, and that the complaint herein be and the same is hereby dismissed, with the costs as aforesaid," plaintiff appeals. Reversed, with instructions to dismiss the complaint for want of jurisdiction.

Taylor, Knowles & Hack, of New York City (R. B. Knowles, of New York City, of counsel), for appellant.

I. L. Dreeben, of New York City (Charles W. Starling, of Dallas, Tex., and Charles H. Tuttle, of New York City, of counsel), for appellees.

Before ROGERS and MAYER, Circuit Judges, and AUGUSTUS, N. HAND, District Judge.

MAYER, Circuit Judge. [1] The complaint alleges that plaintiff "is a citizen of the state of New York and a resident of the borough of Manhattan, New York City"; that defendant National Shipping Corporation "is a corporation duly organized and existing by virtue of the laws of the state of Delaware," and that it has its principal office in New York City; that defendant Carden is "a citizen of the state of Texas," at present residing at Bayshore, Long Island, in the state of New York; that defendant Herd "is a resident of the state of New York and a citizen of the state of New York."

The suit is brought by a minority stockholder of defendant corporation on behalf of himself and all other stockholders similarly situated, and the complaint alleges that defendant Carden is the owner of a ma-

jority of the capital stock of defendant National Shipping Corporation and dominated and controlled its affairs; that defendant National Shipping Corporation had a claim against the United States government or the United States Shipping Board Emergency Fleet Corporation arising under certain circumstances; that defendant corporation, acting under the domination of defendant Carden and with the aid of defendant Herd, sold to Carden and Herd all the right, title, and interest of the corporation to the claim; that Carden and Herd did various acts, and, in brief, that Herd, as well as Carden and the National Shipping Corporation under the domination of Carden, did certain acts involving wrongful dealing with the proceeds of the claim above referred to and, in short, that all three defendants were guilty of or contributed to waste of the funds of defendant corporation.

The prayer of the complaint asks, among other things, the following relief:

"Wherefore plaintiff demands judgment that the defendants George A. Carden and Anderson T. Herd account for all money and funds received by them for and on account of the defendant National Shipping Corporation, that the damages which the defendant National Shipping Corporation has sustained by reason of the matters and things heretofore stated and set forth may be ascertained and determined, and that said defendants George A. Carden and Anderson T. Herd be adjudged and decreed to pay said sum or sums to the defendant National Shipping Corporation."

It will be noted from the foregoing that, from the structure of the complaint as drawn and the prayer for relief, plaintiff demands judgment that defendant Carden and Herd account for all money and funds received by them for or on acount of the defendant corporation. The complaint is so drawn that there is not a severable controversy in respect of defendant Herd. Horn v. Lockhart, 17 Wall. 570, 21 L. Ed. 657. It thus appears that plaintiff and one of the defendants—i. e., Herd—are citizens of the same state. Under section 24 of the Judicial Code of the United States (Comp. St. §′ 991) it is provided:

"The District Courts shall have original jurisdiction as follows: First. Of all suits of a civil nature at common law or in equity, * * * where the matter in controversy * * * (b) is between citizens of different states."

The District Court has not jurisdiction where the plaintiff is a citizen of one state and one of three defendants is a citizen of the same state. The question is fully discussed by Mr. Justice Clifford in Case of the Sewing Machine Companies, 18 Wall. 553, 21 L. Ed. 914. See, also, Ayres v. Wiswall, 112 U. S. 187, 5 Sup. Ct. 90, 28 L. Ed. 693 and New Jersey Central Railroad Co. v. Mills, 113 U. S. 249, 5 Sup. Ct. 456, 28 L. Ed. 949. There are other cases in the Supreme Court and many cases in the federal courts below. One of the recent cases is Hamer et al. v. New York Railways Co. et al., 244 U. S. 266, 37 Sup. Ct. 511, 61 L. Ed. 1125, where the Supreme Court aligned the parties in accordance with what it regarded as their true interest, and, as this resulted in one of the defendants being aligned as plaintiff and the party thus aligned being of the same citizenship as defendant, the Supreme Court held that the District Court did not have jurisdiction. The facts, as alleged in the complaint, bring the case at bar within the principle of East Tennessee, etc., Railroad v. Grayson, 119 U. S. 240, 7

Sup. Ct. 190, 30 L. Ed. 382, and New Jersey Railroad Co. v. Mills, supra. See, also, Coal Company v. Blatchford, 11 Wall. 172, 20 L. Ed. 179.

[2] It is now elementary that jurisdiction must appear upon the face of the record, and, if the Appellate Court finds that jurisdiction does not so appear, then it is the duty of the appellate court to dispose of the case accordingly. Mr. Justice Matthews, in M., C. & L. M. Railway Co. v. Swan, 111 U. S. 379, at page 382, 4 Sup. Ct. 510, at page 511 (28 L. Ed. 462), said:

"It is true that the plaintiffs below, against whose objection the error was committed, do not complain of being prejudiced by it, and it seems to be an anomaly and a hardship that the party at whose instance it was committed should be permitted to derive an advantage from it; but the rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception, which requires this court, of its own motion, to deny its own jurisdiction, and in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act. On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it."

Many other cases hold to the same effect, and in Snead v. Sellers et al., 66 Fed. 371, 13 C. C. A. 518, the court, referring to the Swan Case, supra, said:

"The last-cited case * * * also declares the duty of the appellate court in cases where it does not appear upon the record that the Circuit Court has jurisdiction."

[3] In the case at bar, defendants Carden and National Shipping Corporation moved to dismiss upon certain grounds, but did not raise the point of jurisdiction. Defendant Herd interposed an answer, and did not move to dismiss. It is also elementary that, where jurisdiction depends upon diversity of citizenship, it cannot be conferred by consent, and thus the failure of Herd to move to dismiss for want of jurisdiction, and the interposition of an answer by him, does not in any way affect or cure the complete lack of jurisdiction.

As the appropriate decree was not made below, it must be reversed, but without costs, and the District Court is instructed to dismiss the complaint for want of jurisdiction, with costs.