237 F.2d 323
 George R. CARR, Appellant,
v.
BEVERLY HILLS CORPORATION, a corporation, John P. Lordan, Maynard Brandsma, Francis E. Browne, Robert W. Langley, Harry F. Dietrich, and Ross J. Ferrar, Appellees.
 No. 14349.
 United States Court of Appeals Ninth Circuit.
 May 23, 1956.
 Rehearing Denied July 31, 1956.
 
 George E. Danielson, Los Angeles, Cal., Thomas Dodd Healy, Chicago, Ill., for appellant.
 Latham & Watkins, Ira M. Price, II, Charles E. Horning, Jr., Gibson, Dunn & Crutcher, Henry F. Prince, Frederic H. Sturdy, Los Angeles, Cal., for appellee.
 Before STEPHENS, FEE and CHAMBERS, Circuit Judges.
 JAMES ALGER FEE, Circuit Judge.
 
 
 1
 Appellant Carr, who was plaintiff in the District Court, owned 400, or 1.6% of the 24,521 outstanding shares of stock of Beverly Hills Corporation. This is a stockholders derivative action in which the corporation, four former members of its Board of Directors and two present officers thereof, one of whom is presently, and at the time complained of was, a member of the Board thereof, were joined as defendants. The complaint alleged that the individual defendants negligently and fraudulently managed the affairs of Beverly Hills during the period 1951-1952. Judgment is prayed against the individuals in favor of Beverly Hills for damages, accounting and attorney fees for plaintiff.
 
 
 2
 Defendants moved to dismiss the complaint on the ground of lack of jurisdiction and for failure to state a claim upon which relief can be granted. The facts relative to these issues were presented by affidavits and counter-affidavits by the consent of the parties. Defendants sought to have the case determined in the manner of summary judgment, on the ground that there were no genuine issues of fact, but the court refused.
 
 
 3
 Here the trial court, upon a hearing in which all parties joined and upon presentation of proof by affidavits, found that there was no jurisdiction because there was no diversity of citizenship if Beverly Hills and Carr were aligned together as plaintiffs, inasmuch as the corporation and the individual defendants, all citizens of California, would be on both sides of the controversy.[1]
 
 
 4
 The sole issue before this Court then is whether or not the District Court determined correctly that it did not have jurisdiction over the subject matter of the action.
 
 
 5
 But the solution of this problem involves two other questions. First: Was the trial court bound to try the whole case upon the merits before determining the question of jurisdiction? Or, on the other hand, could a determination of the essential facts regarding the domination of Beverly Hills by certain of its Directors be made before trial of the other issues in order correctly to align the parties? Second: Were the findings of the court to the effect that there was, at the time of the commencement of action, no domination of Beverly Hills resulting in the destruction of its independent volition, clearly erroneous?
 
 
 6
 The question of jurisdiction can be raised either by motion to dismiss or by answer. It cannot be waived. Formerly, when bound by formalities, it might have been thought that a motion to dismiss went only to matters on the face of the complaint. But procedure is set up whereby it can be discovered whether there is a true issue of fact raised by a pleading. If there is no genuine issue of material fact, the court may grant judgment. If there is one fact or set of facts, which is established, the court may accept it as uncontroverted and try the remaining issues. All this may now be done where the complaint is the only pleading before the court.
 
 
 7
 By another rule, the court is empowered to isolate and try any issue in the case. Rule 42(b), Federal Rules of Civil Procedure, 28 U.S.C.A. Since jurisdiction depends upon the facts and not, in the final analysis, upon the pleading, we hold it was proper for the court to try the facts at the basis of this question before going further. This is especially to be commended because, as noted above, the question must be tried, is decisive and cannot be waived. There is nothing inconsistent in this determination with the cases tried or disposed of before the Federal Rules of Civil Procedure were adopted. All these are to be distinguished.[2]
 
 
 8
 In this case, the question of fact was tried on affidavits. Although the trial of an issue of fact upon affidavits has been much criticized by textwriters and others as much more liable to error than one where the witnesses are available for cross-examination, and although such a trial is contrary to the almost universal practice of the federal courts, the point need not be considered by us in this case. Plaintiff and defendant could consent expressly to a determination without oral testimony. We hold they did acquiesce in a trial in camera upon affidavits. It was their case and they could try it any way they chose. No one has raised any objection on this score.
 
 
 9
 This Court has reviewed carefully the record. The findings of the trial court are approved as follows:
 
 
 10
 "(1) The plaintiff, George R. Carr, was at the time of the commencement of the within action and now is a citizen and resident of the State of Illinois.
 
 
 11
 "(2) The defendant, Beverly Hills Corporation (hereinafter for brevity sometimes referred to as the defendant Corporation or the Corporation) was at the time of the commencement of the within action and now is a corporation duly organized and existing under the laws of the State of California and is a citizen of said state.
 
 
 12
 "(3) The defendants, John P. Lordan, Maynard Brandsma, Francis E. Browne, Robert W. Langley, Harry F. Dietrich and Ross J. Ferrar, each was at the time of the commencement of the within action and now is a citizen and resident of the State of California.
 
 
 13
 "(4) The plaintiff was at the time of the commencement of the within action and had been at all times since on or about the month of June 1950 the owner and holder of 400 shares of the common stock of the defendant Corporation, being approximately 1.6% of the total issued and outstanding shares of the common stock of said Corporation.
 
 
 14
 "(5) The plaintiff brings this action as a derivative action in the right of and on behalf of the defendant Corporation, and seeks to recover a judgment in favor of said Corporation. Said Corporation is a real party in interest herein and an indispensable party.
 
 
 15
 "(6) The defendants, John P. Lordan, Maynard Brandsma, Francis E. Browne, Robert W. Langley, and Harry F. Dietrich were elected Directors of the defendant Corporation on or about February 28, 1949, and constituted its entire Board of Directors until March 25, 1953 when four of said five Directors (to wit, defendants Maynard Brandsma, Francis E. Browne, Robert W. Langley and Harry F. Dietrich) resigned and Messrs. Shirley C. Burden, Robert Denny, Homer Burnaby and Robert H. Clark were elected as Directors of said Corporation. At all times since March 25, 1953, the Board of Directors of the defendant Corporation has consisted of said Messrs. Shirley C. Burden, Robert Denny, Homer Burnaby and Robert H. Clark, and the defendant, John P. Lordan.
 
 
 16
 "(7) The defendant, Ross J. Ferrar, is now and at all times since September 15, 1950 has been employed by the defendant Corporation as General Business Manager. He has never been a Director of the Corporation. He was elected Treasurer of the Corporation on or about December 6, 1950 and has held that office at all times since and he was elected Secretary of the Corporation on or about December 8, 1952 and has held that office at all times since.
 
 
 17
 "(8) Plaintiff did not at any time prior to the commencement of the within action demand that the Board of Directors of the defendant Corporation or demand that the Corporation institute the within action in its own name or otherwise; and any such demand would have been futile. Plaintiff did on the 30th day of April, 1953, a few hours prior to the filing of the within action, deliver to the defendant, Ross J. Ferrar, a one page demand that the Corporation join plaintiff in prosecuting the within action in this Court. Said demand was dated April 27, 1953, signed by the plaintiff, George R. Carr, and addressed to the Board of Directors of the Beverly Hills Corporation, and a true and correct copy of said demand, dated April 27, 1953, is attached to the Complaint herein, marked Exhibit G.
 
 
 18
 "(9) The amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $3,000.
 
 
 19
 "(9A) The within action is not a collusive one to confer on a Court of the United States jurisdiction of any action of which it would not otherwise have jurisdiction.
 
 
 20
 "(10) The defendant Corporation has not been under the domination of the individual defendants herein, or of any of them, or under the control of any person or persons who have been antagonistic or hostile to the financial interests of the Corporation, at any time since at least as early as March 25, 1953, and the defendant Corporation was not at the time of the commencement of the within action and is not now incapacitated from bringing or maintaining suit upon any cause or causes of action which may exist in its favor, including but not limited to the alleged causes of action set forth in plaintiff's Complaint herein, and said Corporation was not at the time of the commencement of the within action and is not now incapacitated from protecting its own financial interests.
 
 
 21
 "(11) Although formally designated as a defendant herein by the plaintiff, for the purpose of determining whether diversity of citizenship exists, the defendant Corporation must be realigned with the plaintiff as a plaintiff.
 
 
 22
 "(12) The within action is not one between citizens of different states and this Court did not have at the time of the commencement of the within action and does not now have, jurisdiction, over the subject matter of the within action."
 
 
 23
 Upon the basis of these findings of fact, the trial court correctly realigned the parties and dismissed the cause for lack of jurisdiction.
 
 
 24
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 See Smith v. Sperling, 9 Cir., 237 F.2d 317 and Smith v. Sperling, D.C., 117 F.Supp. 781
 
 
 [2]
 Doctor v. Harrington, 196 U.S. 579, 25 S.Ct. 355, 49 L.Ed. 606; Venner v. Great Northern Railway Company, 209 U.S. 24, 28 S.Ct. 328, 52 L.Ed. 666; Central Railroad Company of New Jersey v. Mills, 113 U.S. 249, 5 S.Ct. 456, 28 L.Ed. 949; Cutting v. Woodward, 9 Cir., 255 F. 633. Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067, is a forum non conveniens case, and whatever is said about the question herein involved is dictum. See Swanson v. Traer, 7 Cir., 230 F.2d 228