**Victor Santos CENTENO et al.**

v.

**PUERTO RICO AGGREGATES COMPANY.**

Civ. No. 208–70.

United States District Court,
D. Puerto Rico.

May 18, 1970.

Roberto Armstrong, Jr., Rio Ciedgras, R., for plaintiffs.

Anibal Irizarry, McConnell, Valdes, Kelley & Sifre, San Juan, P. R., for defendant.

ORDER

FERNANDEZ-BADILLO, District Judge.

Plaintiffs, employees of defendant Puerto Rico Aggregates Company, filed this complaint in the Superior Court of Puerto Rico, San Juan Section, seeking compensation for extra hours, vacation and resting periods and an equal amount in damages. The complaint was answered and the suit went its way in the Commonwealth court until defendant filed a Motion to Dismiss which was opposed in writing by plaintiff. Shortly, thereafter, and while the matter of dismissal was still pending before the local court, defendant brought a Petition for Removal in this Court alleging that the case assumed the nature of a removable action upon the filing by plaintiffs of the op-

position to dismissal which raised "the issue of the union violation of its duty of fair representation under Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. § 185." Petitioner further invoked the provision contained in 28 U.S.C. § 1446(b) which states in part as follows:

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Plaintiffs' written opposition to the Motion to Dismiss is considered by defendant as included within the meaning of the words "other paper" in the statute.

An Order to Show Cause was issued so that defendant set forth reasons as to why this case should not be remanded to the Commonwealth court. A hearing was held on April 17, 1970, arguments of both sides were entertained and the Court ruled in favor of remand. An oral request for reconsideration was made by defendant after which the parties were directed to file written memoranda on the issues here involved.

An examination of the Motion to Dismiss and the subsequent opposition filed by plaintiffs leads me to conclude that the present case has been improvidently removed. Defendant's motion based dismissal on the allegation that the Commonwealth court lacked jurisdiction because the plaintiffs had failed to exhaust the grievance and arbitration procedures contained in the collective bargaining agreement to which they were bound. To this effect defendant cited various Supreme Court cases which hold that by virtue of § 301 the courts have authority to order compliance of arbitration clauses specified in the collective bargaining agreement. Plaintiffs replied by way of a written opposition supported by several affidavits stating "that having exhausted

all the recourses at their disposition under the complaint and grievance procedure, their claims [had] not been heard nor adjudged by the committee as appears from the allegations of defendant." Defendant has reached the conclusion that this statement contained in the opposition injects a federal question into the controversy inasmuch as it asserts a violation of the union's duty of fair representation. This reasoning is advanced by defendant in its efforts to show a disputed federal right but it certainly does not satisfy federal jurisdictional requirements. It brings to mind a meaningful observation made in the case of Sandsberry v. Gulf, C. & S. F. Ry. Co.,[1] 114 F.Supp. 834 (N.D.Texas, 1953) in quoting from Supreme Court decision of Central Railroad Company of New Jersey v. Mills, 113 U.S. 249, 5 S.Ct. 456, 28 L.Ed. 949:

"The question whether a party claims a right under the constitution or laws of the United States is to be ascertained by the legal construction of its own allegations, and not by the effect attributed to those allegations by the adverse party."

This is precisely what has occurred here. It was defendant who raised the existence of a federal question in its Motion to Dismiss. Nowhere in the allegations of the opposition is there a distinct statement to the effect that the union violated its duty of fair representation. To be sure, defendant has attributed to plaintiffs' contention that the grievance procedure was exhausted to no avail the effect that it was the union who failed by violating its fair representation duty. This is a conclusionary allegation by the removing defendant. Nowhere do plaintiffs impute such a violation of their representative. From the mere allegation that the grievance procedure was fruitlessly exhausted it could also be argued that a satisfactory solution was not reached because the company's, not the union's, representatives blocked the way. Defendant has plainly attributed to plain-

---

1. Remand was sustained in this case.

tiffs' opposition a meaning and effect which is not there.

The federal question involved here is, at best a collateral issue raised by defendant's own initiative and not by plaintiff's voluntary act. We are reminded that, "the determination of the question of * * * [removal] jurisdiction must be made upon a common sense basis and a distinction must be made between controversies that are basic and necessary and those which are collateral and merely possible."

It is now ordered that the oral motion of defendant made on April 17, 1970 to Reconsider this Court's order granting remand of this cause to the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, be, and the same is hereby denied.

It is further ordered that this cause be remanded to said court, as not properly removable to this court and that the Clerk this day serve a certified copy of this Order of Remand by mail upon the Clerk of the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, in accordance with 28 U.S.C. Section 1447(c).